# United States Court of Appeals
## For the First Circuit

No. 09-2021

JOHN GOMES MENDES,

Petitioner, Appellant,

v.

BERNARD BRADY,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Douglas P. Woodlock, U.S. District Judge]

Before

Boudin, Circuit Judge,
Souter, Associate Justice,[*]
and Selya, Circuit Judge.

Jane Elizabeth Lee, for appellant.
Jason M. Swergold, Assistant Attorney General, with whom
Martha Coakley, Attorney General, and Susanne G. Reardon, Assistant
Attorney General, were on brief, for appellee.

September 8, 2011

---

[*]    The Hon. David H. Souter, Associate Justice (Ret.) of the
Supreme Court of the United States, sitting by designation.

**SOUTER, <u>Associate Justice</u>**.  This is an appeal from denial of relief on writ of habeas corpus under 28 U.S.C. § 2254 (2006), sought on a claim of ineffective assistance of appellant's trial counsel.  John Gomes Mendes was convicted in a Massachusetts court of the first degree murder of his wife, on a record suggesting a motive to gain control of her small inheritance to pay for prostitutes and drugs.  Although incriminating circumstantial evidence was substantial, Mendes was not indicted and prosecuted until thirteen years after the crime, when police learned of two witnesses to whom he had admitted the killing.

On appeal to the Supreme Judicial Court of Massachusetts, Mendes was represented by new counsel, and although the appeal was governed by Mass. Gen. Laws. ch. 278, § 33E (2000), providing for review of a narrow class of "capital" cases at a more searching level than is typical, he made no claim of ineffective assistance by his former lawyer at trial.  He did, however, press trial counsel's objection to the admission of a note that the prosecution claimed (with lay and expert evidentiary support) had been written by the victim, saying that she was about to move out of the apartment she and Mendes occupied.  Its admission was held to have been proper, with the court also concluding that in any event the note did not prejudice Mendes because it was "a minor piece" of evidence, and merely cumulative.  <u>Commonwealth</u> v. <u>Mendes</u>, 441 Mass. 459, 806 N.E.2d 393, 401-02 (2004).

Mendes then sought state post-conviction relief on grounds including a federal claim of ineffective assistance of trial counsel in failing adequately to contest admission of the note as his wife's and, alternatively, failing to establish that Mendes himself wrote the note at some time well in advance of the killing. The state trial court denied relief on the merits.

Mendes appealed the denial to the Supreme Judicial Court in accordance with the special procedure for dealing with post-conviction petitions in Section 33E cases: a single judge acts as gatekeeper to bar access to the full court on any issue that could have been raised at the time of direct appeal, unless (as a general rule) the relief is sought on a basis that is both new (in the sense of having been unavailable at the time of direct appeal) and substantial. See Dickerson v. Attorney Gen., 396 Mass. 740, 488 N.E.2d 757, 760 (1986). While the bar is not absolute, since the gatekeeper has discretion to allow the appeal to go to the full court (presumably, if the grounds are substantial even though not new), the defendant in such as case is not "excuse[d] . . . from the procedural consequences of waiver." Commonwealth v. Randolph, 438 Mass. 290, 780 N.E.2d 58, 64 n.7 (2002). That is, any such review of a non-new issue will be conducted under a standard comparatively less favorable to a petitioner. Commonwealth v. Drew, 447 Mass. 635, 856 N.E.2d 808, 813 (2006).

When the gatekeeper judge denied leave to appeal in this case because the claim was neither new nor substantial, Mendes petitioned the United States District Court for relief on writ of habeas corpus under Section 2254. There, the Commonwealth prevailed on the ground that the denial of relief on collateral review by the state court rested on a procedural basis in state law (the gatekeeper's finding of failure to raise the claim on direct appeal) that was independent of the federal right and adequate to bar further relief: the gatekeeper had acted in accordance with a state rule or practice that was "firmly established and regularly followed." Beard v. Kindler, 130 S.Ct. 612, 617-18 (2009) (quoting James v. Kentucky, 466 U.S. 341, 348 (1984)). Here, Mendes argues that the Commonwealth's new-and-substantial gate rule is not so established and followed; that it was inapplicable in this case because the ineffective assistance claim rests on evidence that was neither in the trial record nor otherwise before the court on his direct appeal; and that in any event, application of the rule was not treated by the gatekeeper as dispositive. On each point, we think his position is unsound.

As for the first, the consistency of the Commonwealth's application of the new-and-substantial rule, this court has previously recognized its adequacy, see Yeboah-Sefah v. Ficco, 556 F.3d 53 (1st Cir. 2009), but Mendes argues that circuit law is now to the contrary, as declared in the subsequent case of United

-4-

States v. Pina, 565 F.3d 48, 53 (1st Cir. 2009). There, this court concluded that "[e]ven in cases where an ineffective assistance claim may feasibly be raised on direct appeal, such as cases in which the claim does not require additional factual development, the [Supreme Judicial Court of Massachusetts] has declined to adopt an iron-clad rule of waiver." Id. Pina, however, is not controlling in Section 33E cases, like this one.

Counsel for the Commonwealth responds to Pina in several ways, including the argument that the Pina opinion left the door open to further refinement in assessing the adequacy of the state waiver rule and this is a good case for taking that next step. For two reasons, we think the point well taken. The Commonwealth argues persuasively that under Massachusetts law, Section 33E provides for a distinct process of review by the Supreme Judicial Court in so-called capital cases, like this one. As the statute itself reads, entry of the appeal "shall transfer to that court the whole case for its consideration of the law and the evidence," and if the court finds the verdict against the law or weight of evidence, or finds newly discovered evidence, or concludes there is "any other reason that justice may require," it may fashion relief. § 33E. Counsel fleshes out the argument for examining Section 33E cases as categorically separate from others by emphasizing the practical significance of this provision, under which the Supreme Judicial Court is not subject to the usual restrictions on the

scope of appellate review when considering ineffective assistance claims. In particular, when ineffective assistance is timely raised at the appellate level in Section 33E cases the court may examine any error by any trial participant, not just defense counsel, that "was likely to have influenced the jury's conclusion." Commonwealth v. MacKenzie, 413 Mass. 498, 597 N.E.2d 1037, 1049 (1992).[1]

Even more significant, the statute not only authorizes the court to entertain motions for new trial (as for ineffective

---

[1]That said, we do not have total confidence in our understanding of Section 33E standards for an ineffective assistance claim, raised at the direct review stage. Counsel for the Commonwealth relies on Commonwealth v. Wright, 411 Mass. 678, 584 N.E.2d 621, 624 (1992) and MacKenzie, 597 N.E.2d at 1049, for the standard of relief upon a showing of any error likely to have influenced the jury verdict. Wright notes that the Section 33E standard is more favorable to defendants than the usual ineffective assistance criterion; MacKenzie explains that under this standard, the issue does not turn on whether counsel's performance was "measurably below" that of ordinary fallibility, Mackenzie, 597 N.E.2d at 1049. These were 1992 cases. More recently, Commonwealth v. Novo, 449 Mass. 84, 865 N.E.2d 777, 787 (2007) says the standard in a case like this at the direct review stage is "whether there was a serious failure by trial counsel and, if so, whether the failure resulted in a substantial likelihood of miscarriage of justice," followed by citations, including a "see" citation to Wright. Commonwealth v. Drew, 447 Mass. 635, 856 N.E.2d 808, 813 (2006), however, says that ineffective assistance claims based on the record that was before the court on direct review but raised later (and passed through the gate to the full court) "will be reviewed under the less favorable standard of a substantial risk of miscarriage of justice." Whatever may be the significance of this apparent fluidity, it is enough for our purposes here to say that Section 33E provides in its very terms for a distinct breadth of review, and this suffices to qualify such cases for their own categorical treatment in assessing the adequate and independent character of the procedural waiver and bar rule applied to them.

assistance) filed with it in the first instance, but gives the parties an opportunity to put in evidence supplementing the record at trial. In a case like this one, for example, the ineffective assistance claim could have been filed along with the direct appeal, presented on the basis of an expanded record, and probably considered not on the more searching standard of professional adequacy, but simply on the likelihood of any influence on the jury's conclusion. It is this distinct standard of review, relatively lenient toward defendants, that constitutes the quid pro quo, as counsel explains it, for the relatively narrow opportunity for appellate review of any subsequent claims for collateral relief on which a defendant fails to prevail in the trial court: the gatekeeper is there to bar the way to review on the merits of any claim not new and substantial. § 33E.

We are satisfied that the Commonwealth makes a sufficient case for separate, categorical treatment of Section 33E review and the particular waiver rule expressed in the new and substantial rule, as distinct from state practice dealing with collateral challenges generally, to which Pina referred. There is, moreover, a further reason to revisit Pina's conclusion, in the Supreme Court's most recent explanation of the notion of the consistent application of a state bar or waiver rule necessary to qualify that rule as adequate to bar federal review as well. The Pina opinion concluded that the Massachusetts gatekeeper rule was not "regularly

and consistently applied" because "the [Supreme Judicial Court of Massachusetts] has declined to adopt an iron-clad rule of waiver." Pina, 565 F.3d at 53. But in the time between briefing and argument in this case, the Supreme Court has stated the standard differently. Walker v. Martin, 131 S.Ct 1120 (2011), holds that varying results owing to a degree of judicial discretion in applying a procedural bar (a reasonable time rule in Walker) do not disqualify it from recognition on federal habeas so long as it is not shown to be invoked surprisingly or unfairly, or as a ploy to discriminate against federal claims. Id. at 1130-31. Thus, the issue of adequacy is no longer about an ironclad bar to further review, and Walker requires us to ask the question afresh, whether the state administration of the new-and-substantial rule in Section 33E cases gives cause for surprise here and there, or even for something worse. The answer is that we have no indication of anything of the sort, and as a consequence Yeboah-Sefah must be followed as good authority for the conclusion that application of the new-and-substantial rule in Section 33E cases is an adequate and independent bar to collateral relief.[2]

---

[2]Again, this is not to say that we claim mastery of the nuances of Section 33E practice. We recall, for example, that one of the sources of this court's doubt expressed in Pina about the certainty of state practice was the holding in a non-Section 33E case, Commonwealth v. Zinser, 446 Mass. 807, 847 N.E.2d 1095 (2006): a petitioner for collateral relief from ineffective assistance need not invoke Massaro v. United States, 538 U.S. 500 (2003) (ineffective assistance claim raised under 28 U.S.C. § 2255 not barred even if it could have been raised on direct appeal),

Two points raised by Mendes are still to be dealt with, starting with his claim that the new-and-substantial rule should not ever have been applied in his case, since his new trial request turns in part on evidence of his communications with trial counsel that was not and could not have been in the record on direct appeal; he could not, he says, have raised the issue sooner than he did. But the short answer is the provision of Section 33E authorizing filing a new trial motion in the Supreme Judicial Court while a direct appeal is lodged there, with opportunity to make a supplementary record to support it. Since Mendes had new counsel at that point, he could have raised his claim and made his record while the direct appeal was pending.

---

since under Massachusetts practice "[a]ll claims, waived or not, must be considered," Zinser, 847 N.E.2d at 1096. Zinser continues to be cited in Section 33E cases. See Commonwealth v. Williams, 450 Mass. 879, 883 N.E.2d 249, 260 (2008); Novo, 865 N.E.2d at 788-89 (2007). Novo, indeed, effectively invites the appealing defendant who raised ineffective assistance on direct appeal to file a subsequent new trial motion and make a further record, even though that apparently could have been done earlier under the terms of Section 33E by new trial motion in the Supreme Judicial Court pending consideration of the direct appeal. Under Walker, however, we do not take these indications of flexible state practice as fatal to recognizing the "new" bar applied by a gatekeeper. See 131 S.Ct at 1130-31. To begin with, that bar applies to appeals to the highest state court, not access to the trial court, where a new trial motion would be filed following a direct appeal. Moreover, even if the continuing Zinser citations and the Novo invitation are regarded as raising the prospect of possible discretion on the part of the gatekeeper if a Section 33E defendant loses a later new trial motion in the trial court, they give no indication that the discretion would be exercised in a surprising, unfair, or discriminatory way within the terms stated in Walker.

The final point is Mendes's claim that the gatekeeper did not rely on the waiver rule clearly enough to qualify it as a bar for federal purposes here.  He says that the gatekeeper judge went on to consider the merits just as the state court had done in Harris v. Reed, 489 U.S. 255 (1989), with the consequence that the gatekeeper's reference to procedural default does not qualify as the unambiguously plain statement required for recognizing the rule as a bar on a subsequent federal habeas petition.  The gatekeeper judge's references to merits here, however, were not comparable to the merits discussion in Harris.  The gatekeeper was not ruling on the merits, for he had no authority under state law to do so; instead, he was simply addressing the second prong of the new-and-substantial rule, the substantiality of the claim as measured by Mendes's chances of success with it.  For that matter, those chances had already been indicated in the direct appeal, when the full Supreme Judicial Court had spoken of the note as merely a minor piece of evidence, a conclusion that portended fatality to the claim of prejudice from its admission or, implicitly, from its consideration as the victim's note, not the defendant's.  By the same token, we fail to see how Mendes loses anything by recognizing the bar to further litigation about the admission and authorship of the note.

In sum, we have been given no sound reason to decline to apply Yeboah-Sefah and accordingly accept the adequacy and

-10-

independence of the gatekeeper's application of the new-and-substantial rule to Mendes's ineffective assistance claim.

**Affirmed**.